IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| JAMAAL DWAYNE LILLY,<br>*Plaintiff* | § § § § | |
| v. | § § | A-21-CV-557-LY-SH |
| TRAVIS COUNTY,<br>*Defendant* | § § § | |

## REPORT AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

TO: THE HONORABLE LEE YEAKEL
UNITED STATES DISTRICT JUDGE

Before the Court are Plaintiff Jamaal Dwayne Lilly's Application to Proceed In Forma Pauperis and Financial Affidavit in Support, filed June 22, 2021 (Dkt. 2), and Plaintiff's Complaint (Dkt. 1). The District Court referred this case to the undersigned Magistrate Judge for disposition of the Application and Report and Recommendation as to whether the case should be dismissed as frivolous under 28 U.S.C. 1915(e), pursuant to Rule 1 of Appendix C of the Local Rules of the United States District Court for the Western District of Texas and the Court Docket Management Standing Order for United States District Judge Lee Yeakel.

### I. *In Forma Pauperis* Status

After reviewing Plaintiff's Application, the Court finds that he is indigent. Accordingly, the Court **HEREBY GRANTS** Plaintiff *in forma pauperis* status and **ORDERS** his Complaint to be filed without pre-payment of fees or costs or giving security therefor, pursuant to 28 U.S.C. § 1915(a)(1). This indigent status is granted subject to a later determination that the action should be dismissed if the allegation of poverty is untrue or the action is found frivolous or malicious pursuant to 28 U.S.C. § 1915(e). Plaintiff is further advised that although he has been granted leave

1

to proceed *in forma pauperis*, a Court may, in its discretion, impose costs of court at the conclusion of this lawsuit, as in other cases. *Moore v. McDonald*, 30 F.3d 616, 621 (5th Cir. 1994).

As stated below, the Court has conducted a § 1915(e) review of the claims made in the Complaint and recommends that Plaintiff's claims should be dismissed under 28 U.S.C. § 1915(e). Therefore, service on the Defendant should be withheld pending the District Court's review of the recommendations made in this report. If the District Court declines to adopt the recommendations, service should be issued on the Defendant at that time.

## II. Section 1915(e)(2) Frivolousness Review

### A. Standard of Review

Because Plaintiff has been granted leave to proceed *in forma pauperis*, the Court is required by standing order to review his Complaint under § 1915(e)(2). A district court may summarily dismiss a complaint filed *in forma pauperis* if it concludes that the action is (1) frivolous or malicious; (2) fails to state a claim on which relief may be granted; or (3) seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

Under this statute, a claim is frivolous when it lacks an arguable basis either in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Talib v. Gilley*, 138 F.3d 211, 213 (5th Cir. 1998). "A complaint lacks an arguable basis in law if it is based on an indisputably meritless legal theory, such as if the complaint alleges the violation of a legal interest which clearly does not exist." *Harper v. Showers*, 174 F.3d 716, 718 (5th Cir. 1999) (quoting *Davis v. Scott*, 157 F.3d 882, 889 (5th Cir. 1998)). It lacks an arguable factual basis only if the facts alleged are "clearly baseless," a category encompassing "fanciful," "fantastic," and "delusional" allegations. *Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992) (citing *Neitzke*, 490 U.S. at 327-28). "Some claims are so insubstantial, implausible, or otherwise completely devoid of merit as not to involve a federal

controversy. Federal courts lack power to entertain these wholly insubstantial and frivolous claims." *Atakapa Indian de Creole Nation v. Louisiana*, 943 F.3d 1004, 1006 (5th Cir. 2019) (cleaned up).

**B. Plaintiff's Complaint Should Be Dismissed under § 1915(e)(2)**

Plaintiff is no stranger to this Court. Plaintiff filed three previous lawsuits containing "nonsensical, unbelievable, and nearly unintelligible"[1] allegations against various defendants; all were dismissed as frivolous under § 1915(e)(2). *Lilly v. Gates*, 1:19-CV-952-LY-ML (alleging that Bill Gates stole Microsoft Corporation from Plaintiff, money was stolen out of his mother's bank account and the government failed to return it, and the FBI falsely accused of him of being a drug dealer); *Lilly v. United States of America*, 1:17-CV-596-LY-ML (alleging that the United States falsely accused Plaintiff of crimes, including that he was drug dealer, the United States stole Microsoft and other corporations from Plaintiff, and the FBI beat up an alibi witness); *Lilly v. University Medical Center Brackenridge*, 1:17-CV-39-LY-ML (alleging that hospital employees accused Plaintiff and his mother of being drug dealers and murders).

Plaintiff has filed eight new lawsuits against various private and governmental defendants, once again alleging that he has been falsely accused of various crimes, the government stole money and property from him and his mother, United States District Judges should face criminal charges, and witnesses who testified against him should be "executed." *Lilly v. Western District of Texas: US District Court*, 1:21-CV-545-LY-SH; *Lilly v. FBI San Antonio*, 1:21-CV-551-LY-SH; *Lilly v. The United States Centers for Disease Control and Prevention, CDC*, 1:21-CV-552-LY-SH; *Lilly v. Travis County*, 1:21-CV-553-LY-SH; *Lilly v. Travis County*, 1:21-CV-554-LY-SH; *Lilly v. FBI San Antonio*, 1:21-CV-551-LY-SH; *Lilly v. Travis County*, 1:21-CV-556-LY-SH. Plaintiff seeks

---

[1] Dkt. 3 at 45 in 1:17-CV-596-LY-ML.

*in forma pauperis* status in all of these cases. The Court recommends that the District Court dismiss all of Plaintiff's cases as frivolous.

Plaintiff names Travis County as a defendant in this case. Like in his other lawsuits, Plaintiff once again complains that his mother's money and property was stolen in the 1990s. Plaintiff fails to allege a cognizable claim against Travis County.

Federal courts are courts of limited jurisdiction. *Home Depot U.S.A., Inc. v. Jackson*, 139 S. Ct. 1743, 1746 (2019). Federal subject matter jurisdiction extends to civil cases "arising under the Constitution, laws, or treaties of the United States," or over civil cases in which diversity of citizenship exists between the parties. 28 U.S.C. §§ 1331, 1332. As the party asserting federal jurisdiction, Plaintiff bears the burden of demonstrating that jurisdiction is proper. *Sureshot Golf Ventures, Inc. v. Topgolf Int'l., Inc.*, 754 F. App'x 235, 239 (5th Cir. 2018), *cert. denied*, 139 S. Ct. 1330 (2019). Plaintiff has failed to allege a cognizable claim that this Court would have jurisdiction to adjudicate.

In addition, the Court finds that this case should be dismissed as frivolous because it is duplicative of Plaintiff's previous lawsuits. Under § 1915(e)(2)(B)(ii), a pauper's complaint may be dismissed if the district court determines that "the action is frivolous or malicious." *In Wilson v. Lynaugh*, 878 F.2d 846, 849-50 (5th Cir. 1989), the Fifth Circuit held that complaints pursued in forma pauperis may be dismissed as frivolous if they seek to relitigate claims alleging substantially the same facts arising from a common series of events that already have been litigated by the plaintiff unsuccessfully. That is precisely what Plaintiff attempts to do here.

### III. RECOMMENDATION

Based on the foregoing, the undersigned **RECOMMENDS** that the District Court **DISMISS with prejudice** Jamaal Dwayne Lilly's lawsuit as frivolous under 28 U.S.C. § 1915(e)(2).

The Court **ORDERS** the Clerk to **REMOVE** this case from the Magistrate Court's docket and **RETURN** it to the docket of the Honorable Lee Yeakel.

## IV. WARNINGS

The parties may file objections to this Report and Recommendation. A party filing objections must specifically identify those findings or recommendations to which objections are being made. The District Court need not consider frivolous, conclusive, or general objections. *See Battle v. United States Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987). A party's failure to file written objections to the proposed findings and recommendations contained in this Report within fourteen (14) days after the party is served with a copy of the Report shall bar that party from de novo review by the District Court of the proposed findings and recommendations in the Report and, except on grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the District Court. *See* 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140, 150-53 (1985); *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc).

**SIGNED** on June 30, 2021.

_____
SUSAN HIGHTOWER
UNITED STATES MAGISTRATE JUDGE